TASHA PARIS CHALFANT (SBN 207055)
THE LAW OFFICE OF TASHA PARIS CHALFANT
13620 Lincoln Way, Suite 325
Auburn, California 95603
Tel. (916) 444-6100
Fax (916) 930-6093
E-mail: tashachalfant@gmail.com

Attorney for Defendant
JOSHUA IVARSON

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA IVARSON,<br><br>Defendant. | No. 2:24-cr-0301 DJC<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |

## STIPULATION

Plaintiff United States of America, by and through its counsel of record Assistant United States Attorney JASON HITT, and the Defendant, JOSHUA IVARSON, by and through his counsel of record TASHA PARIS CHALFANT, hereby stipulate and request that the Court make the following findings and Order as follows:

1.  By previous order, this matter was set for a status conference before Judge Daniel J. Calabretta on March 27, 2025, with time excluded to that date.

2.  By this stipulation, the defendant now moves to reset the status conference on March 27, 2025, and to exclude time between March 27, 2025, and May 15, 2025, under Local

STIPULATION AND ORDER FOR CONTINUANCE OF STATUS CONFERENCE

AND FOR EXCLUSION OF TIME

1

Code T4. Plaintiff does not oppose this request.

  3.  The parties agree and stipulate, and request that the Court find the following:

  a.  The government has represented that the discovery associated with this case includes approximately 500 plus pages of investigative reports in electronic form, and some audio and video files. All of this discovery has been either produced directly to counsel, and/or made available for inspection and copying.

  b.  Counsel for the defendant desires additional time to review the discovery, develop the case, conduct investigation, consult with her client and relevant experts, discuss potential resolution, and to explain the consequences and guidelines.

  c.  Counsel for the defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  d.  The government does not object to the continuance.

  e.  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  f.  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 27, 2025, to May 15, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

STIPULATION AND ORDER FOR CONTINUANCE OF STATUS CONFERENCE

AND FOR EXCLUSION OF TIME

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

All counsel has reviewed this proposed order and authorized Tasha Chalfant to sign it on their behalf.

IT IS SO STIPULATED.

Dated: March 24, 2025          by:    */s/Tasha Chalfant for*
                                      JASON HITT
                                      Assistant U.S. Attorney
                                      Attorney for Plaintiff

Dated: March 24, 2025          by:    */s/Tasha Chalfant*
                                      TASHA CHALFANT
                                      Attorney for Defendant
                                      JOSHUA IVARSON

STIPULATION AND ORDER FOR CONTINUANCE OF STATUS CONFERENCE

AND FOR EXCLUSION OF TIME

3

**O R D E R**

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order. Based on the stipulation of the parties and the recitation of facts contained therein, the Court finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice to be served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial.

The Court orders that the time from the date of the parties' stipulation, March 27, 2025, to and including May 15, 2025, status conference hearing date shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C §3161(h)(7)(A) and (B) (iv), and Local Code T4 (reasonable time for defense counsel to prepare). It is further ordered that the vacated status conference shall be reset on May 15, 2025, at 9:00 a.m.

IT IS SO FOUND AND ORDERED this 24th day of March, 2025.

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE

STIPULATION AND ORDER FOR CONTINUANCE OF STATUS CONFERENCE

AND FOR EXCLUSION OF TIME